UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**"IN ADMIRALTY"**

CASE NUMBER: 1:24-cv-24042-PCH

IN THE MATTER OF:

CARL KOCH as Owner, of Great Lakes II, 1979 Bruno Stillman 35' Cruiser bearing Hull Identification No.: BSY003580979, its Engines, Tackle, Appurtenances, Equipment, Etc., In a cause for Exoneration from or Limitation of Liability.

    Petitioner.

_____/

**PETITION FOR EXONERATION FROM OR
LIMITATION OF LIABILITY**

Petitioner, CARL KOCH (hereinafter "Petitioner"), as owner of a 1979 Bruno Stillman 35' Cruiser bearing Hull Identification No.: BSY003580979 (hereinafter the "Vessel"), by and through undersigned counsel and pursuant to the provisions of 46 USC § 30501 *et seq.*, Rule F of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture ("Supplemental Admiralty Rule F"), and the applicable local rules of the U.S. District Court for the Middle District of Florida, hereby respectfully petitions this Court for Exoneration from or Limitation of Liability for all claims arising out of an accident that occurred on October 10, 2024,

1

on the navigable waters of the United States in Roberts Bay in and around Sarasota County, Florida, and as grounds therefore alleges:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Fed. R. Civ. P. Rule 9(h), 28 U.S.C. § 1333, and U.S. Const. art. III, § 2.

2. This action is brought by Petitioner pursuant to the terms of the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.* and Supplemental Admiralty Rule F, governing Limitation of Liability Actions.

3. This Court has subject matter jurisdiction of this matter under 28 U.S.C. §§ 1331, 1333, and 46 U.S.C. § 30501 *et seq.*

4. Venue is proper pursuant to Supplemental Rule F (9) because the incident giving rise to potential claims of liability against Petitioner occurred within this Court's jurisdiction and because the Vessel is and remains within this district.

5. The 1979 Bruno Stillman 35' Cruiser bearing Hull Identification No.: BSY003580979 is a seagoing vessel per 46 U.S.C. § 30506(a).

6. At all times, Petitioner, CARL KOCH, was the registered owner of the Vessel.

7. At all times material hereto, Petitioner is an individual residing in Venice, Florida.

8. The events, acts, and circumstances giving rise to this Petition occurred on the navigable waters of the United States in Venice, Florida, in Roberts Bay in

and around Sarasota County, Florida on or about October 10, 2024 while the vessel was properly and securely stored at the residence of Petitioner.

9. Petitioner seeks exoneration pursuant to Supplemental Admiralty Rule F (2) and, in the alternative, seeks to claim and invoke the rights, privileges, remedies, and procedures of the Shipowners Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*.

10. At all times material hereto, the Vessel was seaworthy, properly, and efficiently manned, supplied, equipped, and furnished; and well and sufficiently fitted and secured with suitable machinery, lines, apparel, and appliances, all in good order and condition, and appropriately secured in anticipation of a named storm that was expected to impact the area of Petitioner's residence.

11. At all times material, Petitioner exercised due diligence to securely fasten and maintain the Vessel in a condition suitable for its normal and intended use, as well as capable of withstanding hurricane-force winds and tidal conditions.

12. The Vessel has not been attached or arrested in rem in any civil proceeding.

13. On or about October 10, 2024, the Vessel was docked at the home of Petitioner CARL KOCH on the navigable waters United States in Venice, Florida, in Roberts Bay in and around Sarasota County, Florida, when, due to hurricane-force winds and unique tidal conditions generated by the named storm Hurricane Milton,

the Vessel was dislodged from its dock and collided with a neighboring dock, seawall, boat lift, and another vessel (hereinafter the "Incident"). The incident was not caused by the fault or neglect of the Petitioner. Petitioner at all times acted with reasonable care and prudence in the storage, maintenance, and securing of the Vessel.

14. To Petitioner's knowledge, potential Claimants to this action include: Dean Ricci, 428 Bayshore Drive, Venice, Florida 34285-1411.

15. No attorney has advised Petitioner that he/she represents Dean Ricci in connection with this Incident.

16. This Petition is filed within six (6) months of Petitioner's receipt of first written notice of a possible claim against his and/or the Vessel arising from the subject incident; therefore, this Petition is timely pursuant to the provisions of Supplemental Rule F.

17. The Vessel was critically damaged in the Incident, resulting in a constructive total loss of the Vessel.

18. Pursuant to Supplemental Rule F (2) and 46 U.S.C. § 30501 *et. seq.*, Petitioner seeks exoneration from or limitation of liability for any death, injuries, damages, and losses of whatever description arising out of the aforesaid incident and desire to contest liability in the event claims are made or claimants allege they have valid defenses to the claims on the facts and law.

19. Subject to an appraisal, Petitioner's interest in the Vessel post-casualty does not exceed $325.00, which represents certain materials that may be deemed salvage value. There was no pending freight at the time of the incident.

20. Subject to any appraisal of its interest upon reference, Petitioner deposits with the Court, as security for the benefit of claimants, a Letter of Undertaking from his insurer in the sum of $325.00, plus interest at 6% per annum from October 10, 2024, said sum being the value of the Petitioner's interest in the Vessel following the incident. The Letter of Undertaking is attached hereto as **Exhibit "1".**

21. The incident described above was not caused or contributed by Petitioner's fault, negligence, or lack of due care.

22. Petitioner claims exoneration from or limitation of liability for any and all property damages and/or personal injuries caused by the subject incident involving the Vessel, and for any claims thereof.

23. Any claims arising from the injuries, losses, or damages described above were done, occasioned, and incurred entirely without any negligence or other fault on the part of Petitioner, or anyone for whom Petitioner may be legally responsible for, and Petitioner is entitled to exoneration from any liability for any such claims.

24. Petitioner, without admitting but affirmatively denying all liability, claims the benefits of the limitation of liability provided for in 46 U.S.C. § 30501 *et seq.*, and the various statutes supplemented thereto and amended thereof, and to that end, Petitioner has filed with the Court, as security for the benefits of claimants, a letter of undertaking, with interest and sufficient security, for the amount of the value of his interest in the Vessel, as provided for by Supplemental Rule F and Local Admiralty Rule F.

25. If it later appears that Petitioner may be liable and the amount or value of Petitioner's interest in the Vessel is not sufficient to pay all losses in full, then claimants shall share *pro rata* in the aforesaid sum, saving claimants any rights of priority they may have as ordered by this Court, or as provided by the aforesaid statute, or by the Federal Rules of Civil Procedure, Supplemental Rule F and Local Admiralty Rule F.

26. In the event the Court determines there was negligence or other legal fault in the maintenance, securing, and/or use of the Vessel which contributed in any way to any alleged injuries, losses, or damages on the part of any person, vessel, or other claims arising from the October 10, 2024 Incident, which Petitioner denies, such negligence occurred wholly or in part without the privity or knowledge of Petitioner within the meaning of 46 U.S.C. § 30501 *et seq.*

27. Petitioner believes potential claims arising from this maritime incident may exceed the value of Petitioner's interest in the Vessel and pending freight (of which there was none) on the date of the incident following the impact of the storm.

28. By reason of the facts and circumstances set forth above, Petitioner claims the benefits of the provisions of 46 U.S.C. §30501 *et seq.* and Supplemental Rule F in this proceeding.

29. By reason of the foregoing, if any liability should be adjudged and imposed upon the Vessel, which liability is denied, then Petitioner is entitled to limitation from any such liability pursuant to 46 U.S.C. §30505 *et seq.*

**WHEREFORE, PETITIONER CARL KOCH, RESPECTFULLY REQUESTS:**

A. For an Order:

1. Approving the above-described Letter of Undertaking filed with the Court by Petitioner, as security for the amount or value of Petitioner's interest in the Vessel until such time the Court causes due appraisement to be made of the amount of the value of Petitioner's interest in the Vessel post-Incident; and

2. Directing the issuance of a monition to all persons claiming damages for any and all injuries and losses occasioned, incurred, or

    resulting from the aforesaid Incident on October 10, 2024, directing them to file their claims with the Clerk of Court and to serve on or mail to the attorneys for Petitioner copies thereof on or before the date to be named in said monition, further to appear and answer the allegations of this Petition according to the law and practice of this Court at or before a time certain to be fixed by said monition; and

B. That an injunction shall issue restraining the prosecution of all suits, actions, and proceedings already begun to recover for damages sustained and arising out of, occasioned by or consequent upon the aforesaid Incident, and the commencement or prosecution thereafter of any suit, action or legal proceeding of any nature of description whatsoever, except in the present proceeding, against Petitioner and/or the Vessel in respect of any claim or claims arising out of the Incident on October 10, 2024, above described; and

C. For a Decree adjudging:

    1. That neither Petitioner nor the Vessel are liable to any extent for any losses, damages, or injuries or for any claim whatsoever, in any way arising out of or in consequence of the aforesaid Incident of October 10, 2024, as above stated;

2. Or, if Petitioner shall be adjudicated liable, then that liability be limited to the amount of the value of their interest in the Vessel immediately following the Incident described in this Petition, and that any monies decreed to be paid be divided *pro rata* amongst such claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled, and that a decree thereupon be entered discharging Petitioner from any and all further liability; and that Petitioner may have such other and further relief as the justice of the cause may require.

Dated: February 5, 2025

**Respectfully submitted,**

**McALPIN FLOREZ MARCOTTE, P.A.**
*Counsel for Petitioner*
Brickell City Tower
80 S.W. 8th Street, Suite 2805
Miami, Florida 33130
Tel: (305) 810-5400
Fax: (305) 810-5401

*/s/ Richard McAlpin*
George S. Florez, Esq.
Florida Bar No.: 127331
gflorez@mfm-maritime.com
Richard J. McAlpin, Esq.
Florida Bar No.: 438420
rmcalpin@mfm-maritime.com
Michael Del Duca, Esq.
Florida Bar No.: 1058454

                mdelduca@mfm-maritime.com
                klimsang@mfm-maritime.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 5, 2025 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                */s/ Richard McAlpin*
                Richard J. McAlpin, Esq.