UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**"IN ADMIRALTY"**

CASE NUMBER: 8:25-cv-300-WFJ-NHA

IN THE MATTER OF:

CARL KOCH as Owner, of Great Lakes II, 1979 Bruno Stillman 35' Cruiser bearing Hull Identification No.: BSY003580979, its Engines, Tackle, Appurtenances, Equipment, Etc., In a cause for Exoneration from or Limitation of Liability.

      Petitioner.

_____/

## **PETITIONER'S MOTION FOR ENTRY OF DEFAULT**

Petitioner, CARL KOCH (hereinafter "Petitioner"), as Owner of Great Lakes II, a 1979 Bruno Stillman 35' Cruiser bearing Hull Identification No.: BSY003580979, its Engines, Tackle, Appurtenances, Equipment, Etc. (hereinafter the "Vessel"), by and through undersigned counsel and pursuant to Supplemental Rule F(5) and the applicable Federal Rules of Civil Procedure, hereby files this motion for entry of default against all persons and entities who failed to file claims or answers by the Monition deadline of May 1, 2025 [D.E. 14]. In support of this motion, Petitioner states as follows:

1. Petitioner instituted this action for exoneration from or limitation of liability on February 5, 2025. [D.E. 1].

2. Pursuant to 46 U.S.C. §30501, *et. seq.*, and Supplemental Rule F, Petitioner seeks exoneration or limitation of liability for all losses, injuries, or damages alleged to have been sustained as the result of an incident that occurred on or about October 10, 2024, as more fully described in the Amended Petition for Exoneration from or Limitation of Liability ("Amended Complaint"). [D.E. 10].

3. On March 18, 2025, this Court entered an Order establishing a Monition deadline of May 1, 2025, for Claimants to file claims or Answers to the Amended Complaint. [D.E. 14].

4. On March 18, 2025, this Court entered a Notice to All Potential Claimants of Complaint for Exoneration from or Limitation of Liability. [D.E. 14]. The Notice required all persons having claims for any damages or injuries, arising out of, or occurring as a result of the incident on or about October 10, 2024, to file their respective claims on or before May 1, 2025, or be defaulted.

5. In accordance with Supplemental Rule F(4) and Local Admiralty Rules 7.01(g) and 7.06(a), Petitioner published a copy of the Notice to Claimants of Complaint for Exoneration from or Limitation of Liability in the *Tampa Bay Times* on April 6, 13, 20, and 27, 2025. *See* Proof of Publication attached hereto as **Exhibit "1"**. Petitioner also published a copy of the Notice to Claimants of Complaint for

Exoneration from or Limitation of Liability in the *Sarasota Herald-Tribune* on April 2, 9, 16, and 23, 2025. *See* Proof of Publication attached hereto as **Exhibit "2"**.

6. Upon entry of the Order setting the Monition deadline, Petitioner sent a copy of the Order to every known potential Claimant. Petitioner also sent copies of the Clerk's Notice to Claimants of Complaint for Exoneration from or Limitation of Liability.

7. In addition, upon receipt of any requests from potential Claimants or their counsel, Petitioner sent copies of the initial pleadings notifying them of these proceedings.

8. As of the date of this Motion, only Claimant Dean Ricci, [D.E. 15] has filed a claim in this action.

9. No other persons or entities have filed a claim, answer, or other paper in these proceedings.

## MEMORANDUM OF LAW

### I. Motion for Default Judgment Standard

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a Court may enter a judgment by default upon application by a party entitled to judgment. Petitioner is entitled to default judgment. When a vessel owner files a complaint in district court for exoneration from or limitation of liability pursuant to 46 U.S.C. §30501, *et. seq.*, the Court is empowered to establish a monition period during which

all claimants must file their respective claims under pain of default. *American Commercial Lines, Inc. v. U.S.,* 746 F.2d 1351, 1352 (8th Cir. 1984). This Court established a Monition deadline of May 1, 2025. All persons and entities known by Petitioner to have a potential claim resulting from the incident described in the Petition were mailed copies of the Court's Order setting the Monition deadline and the Clerk's notice to Claimants of Complaint for Exoneration from or Limitation of Liability. When requested, Petitioner provided copies of the Petition. In addition, Petitioner published the notice in the *Tampa Bay Times* and *Sarasota Herald-Tribune* for the period of time required by Supplemental Rule F and the Local Admiralty Rules of this Court.

Dean Ricci subsequently filed a claim in this matter. No other persons or entities have filed any paper in this matter. Therefore, it is proper for the Court to enter a default against every person or entity who has not filed a claim in this action. *Texas Gulf Sulphur Co. v. Bluestack Towing Co.,* 313 F.2d 359, 261 (5th Cir. 1963) (district court's entry of default and denial of leave to file a late claim affirmed on appeal); *Olympia Development Group v. Non-Filing Claimants,* No. 8:09-cv-02230-VMC-AEP, 2010 WL 145887, 2010 U.S. Dist. Lexis 8300 (M.D. Fla. 2010) (granting motion for default against all persons and entities that had not filed a claim by the Monition deadline).

## II. The Limitation of Liability Act Applies Because Petitioner Exercised Reasonable Care Under the Circumstances

Petitioner's claim is a case of admiralty and maritime jurisdiction within the meaning of Fed. R. Civ. P. Rule 9(h), 28 U.S.C. § 1333, and U.S. Const. art. III, § 2. The Vessel at issue in this claim is a seagoing vessel per 46 U.S.C. § 30506(a). Petitioner's initial Petition for Exoneration from or Limitation of Liability [D.E. 1] was filed within six (6) months of Petitioner's receipt of first written notice of a possible claim arising from the subject incident. Therefore, this is a timely claim pursuant to the provisions of Supplemental Rule F.

In determining whether a shipowner is entitled to limit his liability pursuant to the Limitation of Liability Act, the Court must engage in a two-step analysis. *See Hercules Carriers, Inc. v. Claimant State of Florida, D.O.T., et al.*, 768 F.2d 1558, 1563-64 (11th Cir. 1985); *In re Honeycutt*, 2006 U.S. Dist. LEXIS 69974 at *11 (M.D. Fla. Sept. 27, 2006). First, the Court determines what acts of negligence or conditions of unseaworthiness caused the accident at issue. *Hercules* at 1563-64. Second, the Court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness. *Id.* at 1564. Importantly, the claimants asserting damages against the shipowner (in this case, Dean Ricci) bear the initial burden of establishing either negligence or unseaworthiness. *See In re Honeycutt* at *10; *Hercules* at 1564.

At all times relevant to this action, on or about October 10, 2024, the Vessel


was properly and securely docked at 436 Bayshore Drive, Venice, FL 34285, the Vessel was in a seaworthy condition, and it was properly and efficiently manned, supplied, equipped, and furnished. *See* [D.E. 10 ¶¶ 10-11]. Petitioner exercised reasonable care under the circumstances by ensuring that the Vessel was properly fitted and secured with the appropriate machinery, rigging, gear, and appliances—all of which were in good condition and adequately secured in anticipation of a named storm forecasted to affect the Venice, Florida area. *See Id.* at ¶¶ 10-13.

An action under the Limitation of Liability Act is appropriate under circumstances such as the one at issue here, where an "act of God" scenario such as a hurricane causes damages despite reasonable actions taken by a vessel owner such as Petitioner Carl Koch. *See Fischer v. Neraida*, 508 F. 3d 586, 593 (11th Cir. 2007); *see also Warrior & Gulf Navigation Co. v. United States*, 864 F.2d 1550, 1553 (11th Cir. 1989).

*Neraida* was an Eleventh Circuit case in which an allision between an unmanned vessel and a dock occurred when Hurricane Frances impacted south Florida. *See Neraida*, 508 F. 3d at 589. The vessel owner filed for exoneration or limitation of liability in the Southern District of Florida, and the Court found that the vessel owner exercised reasonable care in preparing for the storm, accordingly exonerating him and his boat from liability. *Id.* The Eleventh Circuit subsequently reviewed the case and upheld the district court's decision, affirming the exoneration

of the vessel owner and the vessel from liability. *Id.*

In this case, Petitioner seeks the same relief that was granted to the petitioner in *Neraida*, further submitting that since the facts are similar to those in *Neraida*, a Limitation of Liability action is appropriate in this case, as Petitioner took all reasonable measures to secure his vessel, and an act of God was a superseding cause that ultimately led to the subject incident. "The duty of care owed by a moving vessel to a stationary object is reasonable care under the circumstances." *See Neraida*, 508 F. 3d at 593. "Thus, if a ship's owner acted reasonably in preparing for a storm, ***the owner is not liable even if the ship eventually causes damage to another's property***." *Id.* (emphasis added). Reasonable care during maritime activity is defined as "that of prudent men familiar with the ways and vagaries of the sea." *Id.* (quoting *In Petition of the United States (Dammers & Van Der Heide Shipping and Trading (Antilles), Inc. v. Steamship Joseph Lykes*), 425 F.2d 991, 995 (5th Cir. 1970)). While the "highest degree of caution" is not required to meet the standard, the vessel owner must take all reasonable measures under the circumstances. *Neraida*, 508 F.3d at 594 (quoting *The Grace Girdler*, 74 U.S. (7 Wall.) 196, 202, 19 L. Ed. 113 (1868)). The vessel owner's preparations should reflect a reasonable awareness of the severity of the threat presented by an impending storm. *Petition of United States*, 425 F.2d at 996; *In re Signal Int'l, LLC*, 579 F.3d 478, 493 (5th Cir. 2009).

It is a well-established principle of admiralty law, called the Louisiana Rule,

that a drifting vessel is presumed to be liable for damages "unless it can show affirmatively that the drifting was the result of an inevitable accident, or a *vis major*, which human skill and precaution and a proper display of nautical skill could not have prevented." *See The Louisiana*, 70 U.S. at 173, 18 L.Ed. 85; *see also Stuart Cay Marina v. M/V Special Delivery*, 510 F. Supp 2d 1063, 1069 (S.D. Fla. 2007).

Despite the fact that Petitioner's own personal actions are the ones that are at direct issue in this case, calling for "closer scrutiny," the Louisiana Rule works to rebut the presumption of fault. *See* [D.E. 7]; *see also Tittle v. Aldacosta*, 544 F. 2d 752, 756 (5th Cir. 1977). Regardless of Petitioner's reasonable efforts, Hurricane Milton was an inevitable force that caused the breakaway of his vessel and the ultimate damage to the neighboring dock. [D.E. 1 at ¶ 13]. A drifting vessel is not liable for damages brought about by "'an inevitable accident, or a *vis major*, which human skill and precaution could not have prevented.'" *Bunge Corp. v. Freeport Marine Repair, Inc.*, 240 F.3d 919, 926 (11th Cir. 2001) (quoting *The Louisiana*, 70 U.S. at 173). Therefore, damage would have occurred in any event, regardless of proper preventative measures being taken. *See Neraida*, 508 F.3d at 596. The Complaint alleges as such, stating that Petitioner acted reasonably in ensuring that his vessel was properly secured prior to the impact of Hurricane Milton. *See e.g.,* [D.E. 1 at ¶¶ 8, 10, 11, 13].

Specifically, in the context of hurricane preparation, this definition of

reasonable care under the circumstances amounts to whether the Petitioner "use[d] all reasonable means and took proper action to guard against, prevent or mitigate the dangers posed by the hurricane." *Neraida*, 508 F.3d at 594 (quoting *Stuart Cay Marina v. M/V Special Delivery*, 510 F. Supp, 2d 1063, 1072 (S.D. Fla. 2007)). Here, Petitioner exercised reasonable care under the circumstances by implementing all appropriate and prudent measures to prepare the Vessel in anticipation of the hurricane. *See* [D.E. 1 at ¶ 13].

At all times material, Petitioner exercised reasonable care under the circumstances in taking proper action to prevent and mitigate the damages posed by Hurricane Milton. Petitioner secured the Vessel's bow using a combination of braided and twisted lines, with the braided line having additional slack to allow the twisted line to naturally stretch and absorb shock.[1] The braided line functioned as a stop, preventing overextension of the twisted line. A similar configuration was used at the stern, with one change after Hurricane Helene: the twisted line on the port side with a braided line secured to the port piling for extra stability. The stern lines were crossed, meaning the starboard side was secured to the port piling, and the port side was secured to the starboard dock piling. This configuration allowed the vessel more freedom of movement and reduced strain from shorter lines. Additionally, a flexible

---

[1] The term "lines" refers to 3/4 inch or larger premium grade marine braided and twisted (laid) lines.

stainless whip was installed at the stern, elevating all four stern lines to prevent them from entanglement with the rub rail, boarding ladder, and dive platform. There were two spring lines: one twisted line ran from a midship dock piling to the starboard stern, while a braided line ran aft of midship to a starboard dock piling. Two days prior to Hurricane Milton, Petitioner conducted a thorough inspection of the Vessel's mooring configuration to ensure its continued integrity and effectiveness. *See* [D.E. 10 ¶¶ 10-13].

Accordingly, Petitioner has properly invoked the protections of the Limitation of Liability Act. As such, Petitioner is entitled to seek limitation or exoneration of liability pursuant to 46 U.S.C. § 30505, as any alleged damages were not caused by any fault, neglect, or privity which is attributable to Petitioner. That said, Petitioner respectfully notes that this motion does not request an ultimate determination as to limitation or exoneration of liability, as said determination should be made at a later date, procedurally speaking. Rather, at this juncture, Petitioner respectfully requests an Order of default against all parties who did not file a claim prior to the Court's established monition deadline. [D.E. 14]. In other words, Petitioner respectfully requests that an Order of default be entered, and that only Dean Ricci be allowed to proceed in this action as a claimant against Petitioner, given that Dean Ricci is the only person to properly file a timely claim.

III. **Petitioner's Well-Pleaded Facts Establish an Absence of Negligence and, Therefore, No Privity or Knowledge Exists.**

The purpose of the Limitation of Liability Act was to encourage investment in the shipping industry by limiting the physically remote shipowner's vicarious liability for the negligence of his or her water-borne servants. *See Tittle v. Aldacosta*, 544 F. 2d 752, 756 (5th Cir. 1977). Therefore, to remain consistent with its statutory purpose and to protect innocent shipowners, privity or knowledge "generally refers to the vessel owner's personal participation in, or actual knowledge of, the specific acts of negligence or conditions of unseaworthiness which caused or contributed to the accident." *Suzuki of Orange Park, Inc. v. Shubert*, 86 F.3d 1060, 1064 (11th Cir. 1996).

Knowledge or privity of "any fact or act causing the accident is not enough for denial of limitation; it is only knowledge or privity of negligent acts or unseaworthy conditions which trigger a denial of limitation. *Farrell Lines, Inc. v. Jones*, 530 F.2d 7, 10 (5th Cir. 1976). Courts in the Southern District of Florida have held that where "the Court concludes that neither the negligence of [Petitioner] nor unseaworthiness of the [Vessel] caused the subject accident, [Petitioner] is entitled to exoneration of liability." *Fischer v. S/Y Neraida*, No. 04-81131-CIV-RYSKAMP/VITUNAC, 2005 U.S. Dist. LEXIS 41944, at *7 (S.D. Fla. Dec. 15, 2005). Moreover, "[t]he Court need not reach the issue of whether any of the alleged negligent actions and omissions were within the privity and knowledge" of the

Petitioner. *Id.*

Petitioner submits that his diligent and reasonable efforts (detailed above) to secure the Vessel in advance of the storm negate any possible allegation of negligence and establish a lack of privity or knowledge of any allegedly negligent act. Based on the facts set forth in this motion and in his Amended Complaint [D.E. 10], there were no acts of negligence or conditions of unseaworthiness for which he could have had privity or knowledge. In his Amended Complaint [D.E. 10], Petitioner alleges that he took affirmative and diligent steps to secure the Vessel in anticipation of Hurricane Milton, including the use of a carefully executed mooring configuration, an inspection of the Vessel prior to the storm's impact, and further precautions. These actions demonstrate not only the absence of negligence but also a proactive effort on behalf of Petitioner to mitigate the foreseeable risks.

At all times material to this claim, the Vessel was seaworthy, properly maintained, and appropriately secured using the above-mentioned methods. There is no evidence that Petitioner acted, or had actual knowledge of, any act or omission that could be construed as negligent or that would have rendered the Vessel unseaworthy.

Accordingly, because Petitioner neither committed nor was aware of any negligent act or unseaworthy condition that contributed to the alleged incident, he cannot be said to have had privity or knowledge within the meaning of the Limitation

of Liability Act, much like petitioner in *Fischer v. Neraida*, 508 F. 3d 586, 593 (11th Cir. 2007). Therefore, Petitioner is entitled to the protections afforded under 46 U.S.C. § 30505.

**WHEREFORE,** and because Dean Ricci is the only person/entity who properly filed a claim pursuant to the Court's monition deadline, Petitioner, CARL KOCH, as Owner of Great Lakes II, a 1979 Bruno Stillman 35' Cruiser bearing Hull Identification No.: BSY003580979, its Engines, Tackle, Appurtenances, Equipment, Etc., respectfully moves this Court for an Order of Default against all persons and entities who have failed to file claims or answers, and barring the filing of any further claims or answers in this or any proceeding related to or arising out of the events described in the Amended Complaint.

DATED:   July 21, 2025

**Respectfully submitted,**

By:   */s/ George S. Florez*
George Florez, Esq.
Florida Bar No.: 127331
gflorez@mfm-maritime.com
Richard J. McAlpin, Esq.
Florida Bar No.: 438420
rmcalpin@mfm-maritime.com
Michael Del Duca, Esq.
Florida Bar No.: 1058454
mdelduca@mfm-maritime.com
dduran@mfm-maritime.com
**McALPIN FLOREZ MARCOTTE, P.A.**

Brickell City Tower
80 S.W. 8th Street, Suite 2805
Miami, Florida 33130
Tel: (305) 810-5400
Fax: (305) 810-5401
*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 21, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ *George S. Florez*
George S. Florez, Esq.